UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA

        - against -                                        17 Cr. 54 (NRB)

SEAN PETER,

                       Defendant.

------------------------------------------------------------x

## DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

### ATTORNEYS FOR SEAN PETER

BOBBI C. STERNHEIM, ESQ.                RUSSELL NEUFELD, ESQ.
ALEX S. HUOT, ESQ.                        99 Hudson Street - 8th Floor
Law Office of Bobbi C. Sternheim       New York, NY 10013
33 West 19th Street – 4th Floor            646-613-8359
212-243-1100

# LAW OFFICES OF BOBBI C. STERNHEIM

212-243-1100 • Main
917-306-6666 • Cell
888-587-4737 • Fax

33 West 19th Street - 4th Floor
New York, New York 10011
bc@sternheimlaw.com

August 5, 2019

Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Sean Peter*
17 Cr. 54 (NRB)

**DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT**

Dear Judge Buchwald:

The following objections to the Presentence Report are made on behalf of Sean Peter:

**Offense Conduct**

As stated in the Addendum to the Presentence Report, the defense objects to the entire Offense Conduct section, specifically paragraphs 13 through 32. *See* PSR at 21. This case will be appealed. The Offense Conduct section provided by the government does not comport to the record to be appealed. Paragraph 18 does not reflect evidence that was presented at trial.

**Duplicative § 924 Counts**

The parties and Probation agree that the firearms counts – 18 U.S.C. § 924(c)(1)(A)(iii) and § 924(j) "merge" because, § 924(c)(1)(A)(iii) is a lesser included offense of §924(j). The parties and Probation concur that in order to prevent duplicative punishment, Sean Peter should be sentenced on the § 924(j) count, with a five-year mandatory minimum, and should *not* be sentenced on the § 924(c) count. *See* PSR at 21. *See United States v. Mostafa,* 965 F. Supp. 2d 451, 464 (S.D.N.Y. 2013).

**Acceptance of Responsibility**

The jury was faced with two theories. The government argued that Gray's murder was committed in retaliation for Brian Gray's attempted robbery of Shane Peter's stash house a few weeks prior to the murder. The defense argued that the shooting, resulting in Gray's death, was in reprisal for the attempted murder of Sean Peter by Gray's accomplice, Julian Martinez, a following their attempted armed robbery of Shane Peter's residence. As such, there has been an

acceptance of responsibility for a shooting that resulted in a death but no admission that the Gray's death constituted a murder in furtherance of a drug conspiracy.

**Homicide Categorization**

Probation calculates the base offense level based on First Degree Murder. U.S.S.G.§2A1.1. *See* PSR ¶ 45. The record does not support a premeditated killing. §2A1.1(a). If a defendant did not cause the death intentionally, a downward departure may be warranted. based on a defendant's state of mind (*e.g.,* recklessness.)

Sean Peter's conduct was reckless.[1]

By participating in a shooting, he was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation. There is no dispute that of the shots fired, one bullet hit Gray in the arm resulting in internal injuries that were the cause of his death. There is no dispute that Peter, himself, was shot in the arm during the altercation. The record does not support a finding that Peter fired the shot that killed Gray or that Gray's death was premeditated. While the death of Gray is an aggravating factor, it was not the result of premeditated murder.

**Criminal History**

For reasons detailed in the accompanying sentencing submission, categorizing Sean Peter as a Career Offender overstates his criminal history.

Respectfully submitted:

Attorney for Sean Peter

*Bobbi C. Sternheim*
BOBBI C. STERNHEIM
RUSSELL NEUFELD
ALEX S. HUOT

cc: Government Counsel

---

[1] Such recklessness may be correlated to provocation and neurological impairments discussed in the accompanying Sentencing Memorandum and Exhibit A.